UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HERBERT SCHLEIMER, individually and on behalf of all those similarly situated,**

      Plaintiffs,

v.                                   Case No: 6:14-cv-108-Orl-41GJK

**WYNDHAM VACATION RESORTS, INC., WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM WORLDWIDE OPERATIONS, INC.,**

      Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE (Doc. No. 74)** |
| **FILED:** | December 5, 2014 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

The named plaintiff, all opt-in plaintiffs, and Defendants jointly move (hereafter "Motion") the Court to approve their settlement agreement (hereafter "Agreement") (Doc. Nos. 74-1; 74-2) pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (hereafter, the "FLSA") and to dismiss the case with prejudice. Doc. No. 74.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may

become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. See also *Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032 at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Foods* because it lacked Court approval or supervision by Secretary of Labor). Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 F. App'x. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.*[2] In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

[2] In the Eleventh Circuit, unpublished cases are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.


between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 F. App'x. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

This case involved disputed issues of FLSA liability and damages, which constitute a bona fide dispute. *See* Doc. Nos. 1, 10, 22, 25-27, 30, 33, 35-37, 39-40, 42, 46, 56, 59, 61, 64, 73. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *See* Doc. Nos. 61, 64. The parties agreed to settle the named plaintiff's and the opt-in plaintiffs' (hereinafter, collectively, the "Plaintiffs") claims, including attorneys' fees and costs, in exchange for a release of all claims for a total amount of $144,302.39 (*see* Doc. No. 74-1 at 3-4), as set forth in the table below:

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

- 5 -

| Plaintiff/Opt-In Plaintiff | Unpaid Overtime | Liquidated Damages | Total |
|---|---|---|---|
| Herbert Schleimer | $3,775.50 | $3,775.50 | $7,551.00 |
| Joshua Adams | $1,305.62 | $1,305.62 | $2,611.24 |
| Joaquin Boadella | $10,372.48 | $10,372.48 | $20,744.96 |
| Isabel Dalgleish | $3,158.36 | $3,158.36 | $6,316.72 |
| Rebecca Doiron | $176.87 | $176.87 | $353.74 |
| Melanie Fidler | $618.78 | $618.78 | $1,237.56 |
| Fernando Freire | $2,358.53 | $2,358.53 | $4,717.06 |
| Noris Gell Gomez | $311.56 | $311.56 | $623.12 |
| Kenneth Gustafson | $561.10 | $561.10 | $1,122.20 |
| Thomas Kaser | $1,659.45 | $1,659.45 | $3,318.90 |
| Christina Lameiro | $221.35 | $221.35 | $442.70 |
| Denise Moore | $721.11 | $721.11 | $1,442.22 |
| Helm Moussalli | $2,475.57 | $2,475.57 | $4,951.14 |
| Deloris Newman | $899.33 | $899.33 | $1,798.66 |
| Mary Robertson | $131.73 | $131.73 | $263.46 |
| Paul Whitwam | $2,532.22 | $2,532.22 | $5,064.44 |
| Lance Woodworth | $14,996.73 | $14,996.73 | $29,993.46 |
| Attorneys' Fees and Costs | | | $51,749.81 |
| **TOTAL** | | | **$144,302.39** |

Doc. Nos. 74 at 2-3; 74-1 at 3-4;74-2 at 1-34.[5] Thus, Plaintiffs will receive a total of $92,552.58 and their counsel will receive $51,749.81 under the Agreement. *Id.*

In the Motion, the parties represent that Plaintiffs agreed to compromise their claims based upon the fact that: (1) some of the Plaintiffs did not work for Defendants within the two-year statute of limitations period; (2) Defendants' arguments that Plaintiffs never worked off the clock; and (3) the "extensive data analysis" performed by Defendants, which showed that even when their respective hours were adjusted, Plaintiffs often failed to work more than 40 hours per week in numerous work weeks. Doc. No. 74 at 6. Based on the parties' representations, it is **RECOMMENDED** that the Court find Plaintiffs' compromise and the total settlement amount allocated to their respective claims is reasonable.

Under the Agreement, Plaintiffs' counsel will receive $51,749.81 in attorney's fees and costs. Doc. No. 74-2 at 1-34. In the Motion, the parties represent that "counsel's fees were agreed upon separately without regard to the amount paid to each Plaintiff or Opt-in Plaintiff." Doc. No. 74 at 11. In *Bonetti v. Embarq Management Co.*, Case No. 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009), the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

---

[5] The Agreement contains what appears to be a typographical error. The Agreement states that the total settlement amount, including attorneys' fees and costs, is $145,000.00. Doc. No. 74-1 at 3-4. However, the total amount of the settlement as reflected in the above table is $144,302.39. *See* table supra p. 5.

*Bonetti*, 2009 WL 2371407, at *5 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

In this case, the Agreement constitutes a compromise of Plaintiffs' claims; the Motion states a reasonable basis for such compromise (*see supra*); and the parties represent that Plaintiffs' claims were resolved separately and apart from the issue of attorneys' fees and costs. Given the record in this case, there is no reason to believe the Plaintiffs' respective recoveries are adversely affected by the amount of fees and costs to be paid to Plaintiffs' counsel. Accordingly, it is **RECOMMENDED** that the Court find the Agreement to be fair and reasonable.

**THEREON**, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 74) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they may promptly file a joint notice of no objection**.

- 8 -

**RECOMMENDED** in Orlando, Florida on February 4, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy